BY THE COURT.
The defendant, McCracken, had leave to answer after the hearing on the demurrer, and that leave in our opinion involves of course leave to withdraw the demurrer. You cannot demur and answer to the same part of a bill. Having availed himself of the benefit of that leave, he cannot now go back to the de*murrer, that is in effect withdrawn, and as it regards the [485 suit, as if never in. If he would have preserved a right to rest on his demurrer, he should have appealed from the decision on that after it was followed by a decree dismissing the bill.
As to the second point, there is nothing before us showing that Cowden, when the bill was filed, did not reside in Pike county; when that matter is before us, we will decide it. But enough is disclosed to show that the plaintiff cannot proceed now. Cowden is not in court, in fact, and there has been no advertisement or other step taken to authorize a proceeding against him, pro oonfesso. The complainant may take an order to advertise, and continue if he choose, or dismiss hisbill. The case made is against both; the order of the Common Pleas, to take the bill as confessed by Cowden, was improvidently made, and is unavailable.
[Jurisdiction by consent — what can be waived; Place v. Welch, 3 W.L.M. 611, 613, 614].